UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Allen L. Beach,

Plaintiff,

v.

Yellow Freight System, Inc.,

Defendant.

Civ. File No. 00-754 (PAM/JGL)

**MEMORANDUM AND ORDER**

---

This matter is before the Court on Defendant's Motion for Summary Judgment. In the underlying suit, Plaintiff claims he was subject to same-sex hostile work environment harassment. Defendant removed this action from state court and now moves for summary judgment on Plaintiff's claims for (1) sex harassment in violation of the Minnesota Human Rights Act ("MHRA"); (2) retaliation/reprisal in violation of the MHRA; (3) negligent supervision; and (4) negligent retention.[1] For the following reasons, Defendant's motion is granted in part and denied in part.

**BACKGROUND**

Plaintiff Allen Beach has worked for Defendant Yellow Freight System for fourteen years as a hostler, dockworker, and driver. Plaintiff asserts that he has been the target of same-sex sexual harassment since 1995. Namely, Plaintiff alleges that he was the target of extremely offensive graffiti of a sexual nature on Defendant's property and equipment.

---

[1] Plaintiff has withdrawn his claim for defamation in Count Five of the Complaint.

FILED MAY 29 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Plaintiff asserts that although he informed management of the ongoing problem on several occasions, the problem continued. With respect to his claim for retaliation/reprisal, Plaintiff asserts that supervisors assigned him to work in trailers that contained graffiti about him, changed his job assignments, and assigned him to work with inferior equipment. (Compl. ¶ 19.) Finally, Plaintiff asserts that Defendant failed to exercise the necessary care in connection with the alleged harassment and retaliation, when supervising and retaining its employees. In 1997, Plaintiff and his wife sought marriage counseling with a psychologist, and since 1999, the psychologist has treated Plaintiff individually for issues related to the alleged harassment and hostile work environment. Plaintiff asserts that he suffers major depression and traumatic stress syndrome.

## DISCUSSION

### A. Standard

Summary judgment is proper if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Unigroup, Inc. v. O'Rourke Storage & Transfer Co., 980 F.2d 1217, 1219-20 (8th Cir. 1992). The nonmoving party must demonstrate the existence of specific facts in the record that create a genuine issue for trial. Krenik v. County of Le Sueur, 47 F.3d 953, 957 (8th Cir. 1995). The Court must view the evidence and the inferences that may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. Enter. Bank v. Magna Bank, 92 F.3d 743, 747 (8th Cir. 1996).

### B. Sex Harassment

To assert a same-sex harassment claim under the MHRA, a plaintiff must show that (1) the conduct was not welcome; (2) the conduct consisted of sexual advances, requests for sexual favors, sexually motivated physical conduct or other verbal or physical conduct or communication of a sexual nature; (3) the conduct was sufficiently pervasive so as to substantially interfere with the plaintiff's employment or to create an hostile, intimidating work environment; and (4) the employer knew or should have known of the conduct and failed to take timely and appropriate action. Cummings v. Koehnen, 568 N.W.2d 418, 424 (Minn. 1997).

Plaintiff asserts that he has been the target of extremely offensive graffiti of a sexual nature since 1995. Specifically, Plaintiff asserts that the graffiti targeted against him has included phrases such as "Al Beach is gay," "Al Beach fucks his mother in her ass," "Give Beach a buck, he'll fuck you in the butt," and "Al Beach sucks giant cock." (See Beach Dep. at 207; 526.) Plaintiff asserts that he reported the incidents, but despite these reports, the graffiti has continued to the present time. According to Plaintiff, this type of conduct is pervasive in Defendant's work environment. (See Pl.'s Mem. at 2.) Plaintiff also asserts that the harassment is so severe and pervasive that he sought psychological therapy. In turn, Defendant argues that the alleged harassment was not sufficiently severe or pervasive, based on sex, or within the one-year limitations period.

For the reasons stated at the hearing, the Court denies Defendant's motion. The Court

further notes that based on these facts, including that Plaintiff discussed the harassment with his therapist, the conduct alleged here is sufficiently severe and pervasive. (See Beach Dep. at 473-74.) All the graffiti, taken together and in context, can be considered sexual in nature. Finally, contrary to Defendant's argument otherwise, Plaintiff has alleged that graffiti of arguably a sexual nature, namely "Al Beach sucks," was part of an ongoing pattern and occurred within the one-year limitations period. (See Pl.'s Mem. at 26.)

**C. Retaliation/Reprisal**

To assert a retaliation/reprisal claim under the MHRA, a Plaintiff must show that (1) his conduct was protected by statute; (2) the employer took adverse employment action; and (3) a causal connection exists between these two factors. Hubbard v. United Press Int'l, Inc., 330 N.W.2d 428 (Minn. 1983).

Plaintiff asserts two broad allegations of retaliation/reprisal in his Complaint. First, Plaintiff asserts that in retaliation to his reports of sexual harassment, manager Dave Malmberger assigned him to pull trailers that contained graffiti about him, and ordered other employees to unload Plaintiff's freight from trucks without graffiti and reload the freight onto trucks that contained graffiti about him. (See Compl. ¶ 10h.) Nevertheless, Plaintiff presents no evidence, admissible or otherwise, to support these allegations. (See Beach Dep. at 238-240; 533-34.) Rather, Plaintiff now asserts that he made complaints to Malmberger about the trailer switching, and Malmberger said only that he would "look into it." (Id. at 238-40.)

Plaintiff also asserts that the City Dispatch Supervisor Ken Domack ("Domack") assigned him to drive a single axle tractor on a route that required a double axle tractor, even though double axle tractors were available for use. According to Plaintiff, the single axle tractor was not adequate according to the Department of Transportation regulations to carry the weight of the load he needed to pick up. (See Compl. ¶ 10k.) First, it is not clear that Plaintiff is citing any adverse employment action here. Even assuming that Plaintiff was potentially at risk for a Department of Transportation violation, his testimony suggests that when he believes he has more freight than his tractor can haul, he should telephone Defendant's terminal to send out another driver. (See Beach Dep. at 227-28; 232-33.) At any rate, Plaintiff provides no evidence that this incident was in any way causally related to his reports of sexual harassment. (Id. at 218-220; 236.) Plaintiff admits that Domack had no knowledge about information relevant to his case. (Id. at 218-20.)

Finally, although not alleged in the Complaint, Plaintiff asserts other broad allegations of retaliation/reprisal, including that he was disciplined for using foul language in the workplace when other employees were not, reprimanded for sustaining an on-the-job injury,[2] and disciplined for working more time than allowed by Department of Transportation

---

[2] Plaintiff asserts that he was reprimanded for sustaining an injury on the job when he operated a vehicle whose steering was defective. According to Plaintiff, he had reported the vehicle as having "hard steering" on numerous occasions.

regulations just two days after serving his Complaint.[3] (See Pl.'s Mem. at 28-29.) Nevertheless, even assuming these reprimands could be considered adverse employment actions, Plaintiff has failed to point to any evidence–either in his Complaint or supporting memorandum–sufficient to support a causal connection between his reports of the incidents of harassment to certain individuals and the alleged retaliatory reprimands. (See id. at 29.) Accordingly, the Court grants Defendant's motion for summary judgment on this claim.

**D. Negligent Supervision and Negligent Retention**

Plaintiff also asserts claims for negligent supervision and retention. A plaintiff may pursue claims under both the MHRA and common law negligence that arise from the same underlying facts when the defendant owes separate duties under the MHRA and the common law. See Vaughn v. Northwest Airlines, Inc., 558 N.W.2d 736 (Minn. 1997); Wirig v. Kinney Shoe Corp., 461 N.W.2d 374 (Minn. 1990). In this case, Plaintiff's negligence claims arise from the same duty as his discrimination and retaliation claims under the MHRA.[4] (See Compl. ¶¶ 22-26.) Accordingly, Plaintiff's negligent supervision and retention claims are preempted, and summary judgment is appropriate. See McKenzie v.

---

[3] In this case, Steve Rhodus sent a letter of reprimand dated March 17, 2000, to Plaintiff by certified mail. Defendant argues that there is no causal connection, as its registered agent received service of Plaintiff's Complaint on March 16, 2000, and the Complaint was then forwarded to Defendant's legal department in Kansas on March 17th. Thus, according to Defendant, the timing of these events does not support an allegation of reprisal. (See Def.'s Mem. at 8.)

[4] Despite Plaintiff's argument that Defendant owes a separate duty to provide a "safe working environment," see Baumgartner v. Holslin, 52 N.W.2d 763, 765 (Minn. 1952), the Court cannot construe this situation as such a case merely on the basis that some of the graffiti included the words "Kill Al Beach."

Lunds, Inc., 63 F. Supp.2d 986, 1006 (D. Minn. 1999); Breitenfeldt v. Long Prairie Packing Co., 48 F. Supp.2d 1170, 1180 (D. Minn. 1999).

**CONCLUSION**

Accordingly, based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion for Summary Judgment (Clerk Doc. No. 43) is **GRANTED IN PART** and **DENIED IN PART** as follows;
2. Defendant's Motion for Summary Judgment on Plaintiff's claim in Count One for sex harassment is **DENIED**;
3. Defendant's Motion for Summary Judgment on Plaintiff's claim in Count Two for retaliation and reprisal is **GRANTED**; and
4. Defendant's Motion for Summary Judgment on Plaintiff's claims in Counts Three and Four for negligent supervision and negligent retention is **GRANTED**.

Dated: May 28, 2001

Paul A. Magnuson
United States District Court Judge