**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**ALLEN L. BEACH,**

Plaintiff,

v.

**YELLOW FREIGHT SYSTEM, INC.,**

Defendant.

Civil No. 00-754 (PAM/JGL)

**O R D E R**

APPEARANCES

Frances Bailey, Esq., and Barbara Felt, Esq., on behalf of Plaintiff.

Steven Brenneman, Esq., and Amanda DuPont, Esq., on behalf of Defendant.

JONATHAN LEBEDOFF, United States Magistrate Judge

The above-entitled matter came on for hearing before the undersigned Magistrate Judge of District Court on June 21, 2001, on Defendant Yellow Freight System, Inc.'s Motion for Leave to Name an Additional Expert Witness Instanter (Doc. No. 58). The case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

FILED JUN 25 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Plaintiff Allen Beach is employed by Defendant Yellow Freight System, Inc. ("Yellow Freight"). In this lawsuit, Plaintiff alleges that he was subjected to same-sex sexual harassment by the presence of graffiti in the workplace, which created an intimidating and hostile work environment.[1] With respect to the current motion, Defendant Yellow Freight moves for leave to name an additional expert witness who may be used at trial to present evidence as to whether the phrase "Al Beach sucks" is sexual in nature. The deadline for Yellow Freight to disclose expert witnesses was January 25, 2001, and has passed. Therefore, the Court must first consider whether Yellow Freight has shown good cause for amending the pretrial schedule. As grounds for the motion, Defendant contends it did not know that the nature of the phrase "Al Beach sucks" would be a contested issue until the District Court's Order of May 29, 2001, which granted in part and denied in part Yellow Freight's motion for summary judgment.

The Court finds that Defendant knew, or at least should have known, that the nature of the phrase "Al Beach sucks" is a contested issue in this case since the filing of the complaint. As part of Plaintiff's same-sex sexual harassment claim, he cited to graffiti and writings that had been posted in the workplace, including the phrase "Al Beach sucks." In Plaintiff's

---

[1] Plaintiff brought a five-count complaint alleging same-sex sexual harassment, retaliation/reprisal, negligent supervision, negligent retention, and defamation. Summary judgment was granted to Defendant on the latter four claims on May 29, 2001.

deposition, he testified that he saw the phrase "Al Beach sucks" at his workplace. From the beginning of this lawsuit, Defendant has disputed that Plaintiff's evidence – the graffiti – was sexual in nature. Given that Plaintiff's evidence clearly includes the phrase "Al Beach sucks," therefore, Defendant had to know that the sexual nature of that phrase would be in dispute.

Furthermore, Defendant specifically argued in its memorandum supporting its summary judgment motion that the phrase "Al Beach sucks" was not sexual in nature. Defendant also argued in its reply memorandum to its motion for summary judgment that the phrase "Al Beach sucks" was the only graffiti occurring within the relevant statute of limitations period. If true, then the phrase was the only evidence about which the sexual nature could be in dispute. Clearly, Defendant anticipated, and has even addressed, Plaintiff's position that the phrase "Al Beach sucks" is sexual in nature. Finally, Defendant does not explain how it could have associated the phrase with any of Plaintiff's other claims.

For the above reasons, the Court finds that Yellow Freight has not shown good cause to modify the pretrial schedule as required by D. Minn. LR 16.3. Defendant's motion is denied for this reason.

Even if Defendant Yellow Freight had shown good cause, however, Defendant has not made an adequate showing that it is entitled to name an additional expert. Defendant cites Citizens Bank v. Ford Motor Co., 16 F.3d 965, 966 (8th Cir. 1994), for its four factor test to determine whether a party

should be precluded from offering expert testimony at trial when it failed to disclose the expert in accordance with the pretrial schedule. Although the purpose of the test is to determine admissibility, which is not the province of this Court, the test provides a useful standard for whether Defendant should be allowed to name an additional expert after discovery has closed.

The four factors are "the reason for failing to name the witness, the importance of the witness's testimony, the opposing party's need for time to prepare for the testimony, and whether a continuance would be useful." Patterson v. F.W. Woolworth Co., 786 F.2d 874, 879 (8th Cir. 1986). First, as discussed above, Defendant's explanation for its failure to comply with the pretrial schedule is unsatisfactory. Second, the testimony would be relatively unimportant. When a juror would be able to make a common sense determination of an issue without the technical aid of an expert, the testimony should be excluded as superfluous. See Fed. R. Evid. 702 advisory committee's note; United States v. Kime, 99 F.3d 870, 884 (8th Cir. 1996). While the Court gives no opinion on the admissibility of the proposed expert's testimony, the Court does find in the context of this motion that the testimony would be relatively unimportant considering the untechnical nature of the word "sucks." The third factor – the opposing party's need for time to prepare for the testimony – is irrelevant to the current motion given this case's procedural posture. Nonetheless, Defendant interprets this third factor to relate to the potential prejudice of allowing the testimony at trial. (Def. Mem.

at 4.) Using Defendant's interpretation, the Court finds a possibility of prejudice to Plaintiff. Plaintiff Beach argues that a jury does not need expert testimony on the sexual nature of the word "sucks," and that such evidence would confuse a jury or cause it to substitute the expert's opinion for the jury's assessment. The Court makes no finding with respect to how such alleged prejudice would affect the admissibility of the intended testimony, but for the purpose of this motion, this factor weighs in Plaintiff's favor. Fourth, and finally, there would be no need for a continuance because Defendant's motion requires no extensions in the pretrial or trial schedules.

In light of the above factors, three of which favor Plaintiff, the Court finds that Defendant has not made a sufficient showing that its failure to disclose the expert in compliance with the pretrial scheduling order is justified. Accordingly, Defendant's motion is denied on this basis as well.

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's Motion for Leave to Name an Additional Expert Witness Instanter (Doc. No. 58) is **DENIED**.

Dated: June 7, 2001

JONATHAN LEBEDOFF
United States Magistrate Judge